■ JEFFREY CAREY, Appellant, v DONALD CAMPBELL, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered July 14, 1982 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint. Defendant, an attorney, was retained to represent plaintiff on April 16, 1981 in connection with criminal charges levied against plaintiff regarding his conduct in the operation of a motor vehicle which caused the death of a third person. As a result of the relationship between the parties from April 16, 1981 to October 20, 1981, plaintiff commenced a legal malpractice action against defendant alleging, inter alia, that defendant failed to investigate the factual background of the incident which caused the indictment to issue, to properly and adequately research the applicable law, to interview witnesses, and to object to adjournments ordered by the County Court. After issue was joined and a bill of particulars was served pursuant to demand, defendant moved for summary judgment (CPLR 3212). Special Term divided the period of the attorney-client relationship into two segments, one from the date of hiring to September 8, 1981 and the second from that date to October 20, 1981, when the attorney who represents plaintiff in this action undertook plaintiff's defense in the criminal proceeding. After reviewing the conduct of defendant during both time periods, Special Term found that no triable issues of fact existed and, accordingly, granted summary relief to defendant. This appeal by plaintiff ensued. With full recognition that summary judgment is a drastic remedy and should not be granted when there is any doubt as to the existence of a triable issue (*Andre v Pomeroy,* 35 NY2d 361, 364), we nevertheless conclude, after thorough examination of the pleadings and affidavits of the parties and their attorneys, that Special Term must be affirmed. With respect to the second segment of the professional relationship between the parties, the record clearly establishes that on September 8, 1981 plaintiff's mother discharged defendant as her son's attorney and picked up the file at defendant's office. Although she may have acted without authorization, since her son was 20 years old and thus emancipated (see General Obligations Law, § 1-202), this defect was eradicated by plaintiff's admission at a bail revocation hearing in the underlying criminal action that he also discharged defendant and that he was unrepresented from September 15, 1981 to October 20, 1981 when he retained his present counsel. An attorney who is discharged by his client "cannot be liable for subsequent events" (*Hunt v Kolken,* 49 AD2d 747, affd 40 NY2d 949). Turning to the period from the date the attorney-client relationship was established to the date that relationship was terminated, we conclude that defendant demonstrated in his lengthy affidavit in support of the motion for summary judgment his entitlement to relief. He recited numerous contacts with plaintiff, plaintiff's mother, the District Attorney and the Fulton County Court which clearly evidenced adequate representation. When, as here, the moving party has demonstrated his entitlement to summary relief, the party opposing the motion must demonstrate by admissible evidence the existence of factual issues requiring a trial of the action (*Zuckerman v City of New York,* 49 NY2d 557). While an affidavit or affirmation of an attorney, as was submitted here in opposition to defendant's motion, may serve as the vehicle for the submission of attachments which can be considered on a motion for summary judgment, the submission of a hearsay affidavit by counsel, as here, does not satisfy the requirement. Further, any damages sustained by plaintiff, if indeed that be the case, were caused by his failure to appear at the October, 1981 term of the Fulton County

Court as directed in a letter from the court, which failure resulted in the issuance of a bench warrant. Since these events occurred after defendant had been discharged as plaintiff's counsel, no triable issue that proximately damaged plaintiff can be related to defendant. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.