■ EVELYN SAVECA, as Administratrix of the Estate of ARTHUR SAVECA, Deceased, Appellant-Respondent, v VINCENT J. REILLY, JR., et al., Respondents-Appellants. — Mikoll, J. Cross appeals from an order of the Supreme Court at Special Term (Amyot, J.), entered December 15, 1983 in Fulton County, which denied plaintiff's motion for leave to amend the ad damnum clause and the parties' cross motions for summary judgment.

Plaintiff's decedent, Arthur Saveca,* commenced this action against defendants Vincent J. Reilly, Jr., and his law firm, Englert, Reilly & McHugh, P. C., to recover damages arising out of Reilly's alleged malpractice and breach of contract in representing plaintiff in three patent infringement actions in the Federal courts. Upon termination of the patent infringement actions, which was subsequent to the commencement of this action, plaintiff moved to increase the ad damnum clause in his complaint from $100,000 to $750,000, representing an alleged increase in damages resulting from the dismissal of the infringe-

---

* Arthur Saveca died subsequent to the commencement of this action. Future references to "plaintiff" refer to Arthur Saveca.

ment cases. Defendants then moved for summary judgment and plaintiff cross-moved for summary judgment. All of the motions were denied, without opinion, by Special Term. These cross appeals ensued.

Although we conclude that the parties' cross motions for summary judgment on the malpractice cause of action were properly denied by Special Term, we find that defendants' motion for summary judgment on plaintiff's second cause of action for breach of contract was improperly denied. Instead, Special Term should have granted defendants' partial summary judgment on the second cause of action, leaving for trial the lone issue of whether defendants breached a specific agreement, which was that defendants would file and keep the infringement actions in the United States District Court for the Northern District of New York. Finally, we find that plaintiff's motion to increase his ad damnum clause should have been granted by Special Term.

In the instant action, both sides argue that Special Term erroneously denied their motions for summary judgment on the malpractice cause of action. We disagree. Summary judgment is a drastic remedy which should not be granted when there is any doubt as to the existence of a triable issue (*Carey v Campbell,* 93 AD2d 923). Legal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client (Prosser and Keeton, Torts, § 32, at 185-193 [5th ed 1984]). It is plaintiff's contention that defendants were negligent (1) in failing to adequately research venue, long-arm jurisdiction and patent office proceedings, and in failing to join all defendants in one action, and (2) in consenting to a transfer of the actions, failing to cooperate with correspondent counsel in Minnesota, failing to properly obtain permission for withdrawal and failing to surrender the files. Plaintiff further asserts that, as a result of this negligence, he incurred damages of increased litigation expense and loss due to the alleged great decrease in value of claims against the defendants in the Federal suits. The record reveals that questions of fact exist on all the issues raised. Special Term, therefore, correctly denied the parties' cross motions for summary judgment on the malpractice cause of action.

Plaintiff's second cause of action claims damages for defendants' breach of an alleged promise to properly represent him. An action for breach of contract may be maintained in attorney-client agreements "only when there [is] a promise to perform and no subsequent performance, or when the attorney has

explicitly undertaken to discharge a specific task and then failed to do so" (*Brainard v Brown,* 91 AD2d 287, 288, citing *Boecher v Borth,* 51 AD2d 598). The complaint here fails to contain the necessary specificity. However, plaintiff's bill of particulars does present evidence of one specific agreement, i.e., that defendants would be able to file and keep plaintiff's Federal actions in the United States District Court for the Northern District of New York. Thus, an action for breach of contract has been pleaded as to that limited agreement; partial summary judgment should be granted to defendants on the remainder of plaintiff's second cause of action, leaving only the issue of the specific agreement and any damages resulting therefrom for trial.

Finally, plaintiff's contention that Special Term abused its discretion in refusing to grant his motion to increase the ad damnum clause in the complaint from $100,000 to $750,000 is well taken. Plaintiff has established that the increased damages covered in the motion for leave to amend were in addition to the damages alleged in the original complaint. At the time the original complaint was filed, the underlying patent infringement actions had not yet been dismissed. It is alleged that when these underlying cases were subsequently settled for only $500, allegedly due to defendants' malpractice, plaintiff suffered additional damages in the amount of $650,000. Such amendments are usually permitted absent laches, surprise or undue prejudice (CPLR 3025 [b]; *De Forte v Allstate Ins. Co.,* 66 AD2d 1028), and the decision of whether to allow an amendment is ordinarily a matter within the trial court's discretion (*Trevithick v Abbott Labs.,* 72 AD2d 840, *appeal dismissed* 48 NY2d 1027). In this situation, however, Special Term abused that discretion in denying plaintiff's motion for leave to amend the ad damnum clause to reflect the alleged increase in damages.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to increase the ad damnum clause and denied defendants' motion for summary judgment on the second cause of action; grant plaintiff's motion to increase the ad damnum clause and partially grant defendants' motion for summary judgment on the second cause of action to the extent that plaintiff has not pleaded a specific agreement; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.