■ CELESTINE EMERSON, Appellant, v VILLAGE OF FLORIDA, Defendant, and RAYMOND F. GREEN, Doing Business as FLORIDA WATER COMPANY, et al., Respondents.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Owen, J.), entered November 4, 1988 in Orange County, which granted defendants' motions for summary judgment dismissing the complaint.

The issue on this appeal is whether Supreme Court properly held, in dismissing plaintiff's complaint, that no triable issue of fact was raised by plaintiff on the summary judgment motions of dismissal brought by defendants.

On February 27, 1987, plaintiff was crossing Main Street in defendant Village of Florida, Orange County, when her foot stepped into a depression or hole in the street, causing her to fall and to suffer injuries. Her amended complaint against the village and defendants Raymond F. Green and John Olin & Sons Excavating and Trucking (hereinafter Olin) alleged negligence on their part, stemming from a repair by Olin of an underground water main owned by Green's water company. The repair was ordered by the water company. Plaintiff alleged that defendants failed to properly maintain Main Street, failed to place warning signs or devices to inform the public of the dangerous and hazardous condition of the street, created, maintained and failed to correct an unsafe and dangerous condition, failed to use precautionary measures and were otherwise negligent.

Supreme Court, in granting the motions for summary judgment to defendants dismissing the complaint,* held that plaintiff failed to show that defendants had notice of the defective condition complained of and failed to otherwise show that the condition existed for such a period of time that constructive notice of the defect might be found to exist. We disagree.

The record discloses that Olin commenced repair of the water main leak on January 24, 1987 at the water company's request. Olin excavated to a five-foot depth, repaired the line and back-filled the hole to ground level. On January 27, 1987, Green noticed that the hole had settled by two inches. He ordered Olin to correct the situation and claims that Olin did so on the same day. Olin, however, denies that it was called to

---

* Plaintiff does not challenge the grant of summary judgment to the village, whose motion had alleged that Main Street was a State highway and that the village had no responsibility for its maintenance. Therefore, defendants will hereinafter collectively refer to Green and Olin only.

refill the depression. No blacktop was applied on the cut. Blacktopping material was not available in the winter months. Olin said that it was unable to use a heavy vibrator compactor to prevent resettling because it might damage the old pipes below. It indicated that such method is the preferred compaction technique. Instead, it back-hoed the excavation to grade. This was Olin's last connection with the job, which was accepted by the water company.

On February 27, 1987, when plaintiff fell, the excavated area had once again developed a depression. Plaintiff said she stepped into a depression or hole, causing her to fall. On returning to the scene a few days later, a depression still existed in the area where she had fallen. The depression was at the site of the earlier excavation.

The record discloses that the repair made by Olin was likely to erode or resettle. It did so three days after being back-hoed. Also, on February 27, 1987, when plaintiff fell, a depression had again reoccurred. The temporary nature of the corrective measures taken in the instant case required vigilance on the part of the responsible party to see that the natural effects of the elements or resettling did not cause a dangerous situation to reoccur. Olin claims that it did what it was ordered to do by the water company and that its job was completed on January 24, 1987. Green claims that he saw a depression in the repair area on January 27, 1987 and does not allege that there was any ongoing responsibility on Olin's part to take care of the area until a solid topping could be placed on the street cut. In fact, defendants both agree that the depression was filled to grade by Olin at least as of January 27, 1987 and that Olin's connection with the repairs ceased. Green, however, remained responsible to exercise reasonable care thereafter to ensure that the temporary repair did not degenerate to the point of creating a dangerous condition. It was therefore reasonable to expect that Green would vigilantly inspect the repair, as it was certainly not permanent and it was foreseeable that loose dirt and stone would succumb to the ravages of time and the elements. By February 27, 1987, this had in fact occurred. There is nothing in the record to indicate that Green fulfilled his obligation to reasonably monitor the situation.

Summary judgment is a drastic remedy which should not be granted when there is any doubt as to the existence of a triable issue *(Savaca v Reilly,* 111 AD2d 493, 494). To defeat a motion under CPLR 3212 (b), a party must submit facts which give rise to a triable issue of fact *(see,* CPLR 3212 [b]; *see also, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281).

Plaintiff here was required to prove that defendants' negligence proximately caused damage to her. Plaintiff has sufficiently raised a question of fact as to the negligence of the water company vis-à-vis the excavation it ordered and the failure of the temporary refilling to remain intact. Supreme Court therefore improperly granted summary judgment to Green. As to Olin, the record discloses that its job was done by January 27, 1987 and that it had no further obligation to tend to the temporary repair. Plaintiff has failed to raise a question of fact as to Olin's negligence and summary judgment was thus appropriately granted to Olin.

Order modified, on the law, without costs, by reversing so much thereof as granted summary judgment dismissing the complaint against defendant Raymond F. Green; deny said defendant's motion; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.