■ GRAHAM RAPHAEL, Appellant, v CLUNE, WHITE & NELSON et al., Respondents. [607 NYS2d 734] —In a legal malpractice action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Delaney, J.), entered August 12, 1991, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated August 28, 1991, entered thereon.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In 1976, the plaintiff, a British national, was allegedly injured while diving into a pool at a Holiday Inn in Bombay, India. He retained the defendants, a New York law firm, to commence an action to recover damages for personal injuries in the United States against both the Bombay Holiday Inn and the licensor of the Bombay Holiday Inn, Holiday Inn International (which is headquartered in Tennessee). Although the defendants did commence suit in New York, the action was later dismissed on the grounds of forum non conveniens and the plaintiff commenced suit in England where he eventually settled his claim in 1985. Alleging that the defendants were negligent in commencing the lawsuit in New York rather than in Tennessee (the headquarters of

Holiday Inn International) and that such negligence "forced" him to accept an inadequate settlement in England, the plaintiff commenced the instant action to recover damages for legal malpractice.

In order to state a claim sounding in legal malpractice, the plaintiff must show that the defendants failed to exercise the skill commonly exercised by an ordinary member of the legal community, that such negligence was the proximate cause of damages, and that "but for" such negligence the plaintiff would have prevailed on the underlying action (*Marshall v Nacht*, 172 AD2d 727; *Flinn v Aab*, 167 AD2d 507; *Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511). Thus, here, in order to avoid summary judgment, this Court must find at least a question of fact as to the following issues: (1) that had the defendants commenced the underlying action in Tennessee, the courts of that State would not have also dismissed the case on the basis of forum non conveniens, and (2) that had a court in Tennessee heard the plaintiff's case, he would have been awarded damages above and beyond what he received in the English settlement. Here, however, as we find no question of fact as to the first issue, summary judgment was properly awarded the defendants.

Because the facts underlying the arguments concerning the issue of forum non conveniens are essentially not in dispute, whether the courts of Tennessee would have also dismissed the underlying action under the doctrine of forum non conveniens merely presents an issue of law that is readily determinable by the court. Here, under our reading of the relevant Tennessee law, we hold that Tennessee courts would have also declined jurisdiction of the underlying action on the ground of forum non conveniens (*see, Zurich v Inman*, 221 Tenn 393, 426 SW2d 767; *Century Wrecker Corp. v Hutchings*, 1990 WL 131423 [Ct App, Tenn, E Section]; *Package Express Ctr. v Snider Foods*, 788 SW2d 561 [Tenn]; *Bourland v Bourland*, 1988 WL 77628 [Ct App, Tenn, W Section]). Thus, as it cannot be said that but for the alleged negligence of the defendants, the plaintiff would have had an American forum for his personal injuries action, the plaintiff's legal malpractice action must fail.

Resolution of the issue of forum non conveniens renders consideration of the plaintiff's remaining arguments unnecessary. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.