◼ Jason Maillet, Appellant, v Victoria Campbell, Respondent. [720 NYS2d 203] —In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated December 9, 1999, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated January 19, 2000, which dismissed the complaint. The plaintiff's notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant was retained by the plaintiff to commence a personal injury action arising out of an incident that occurred on May 1, 1995, when the plaintiff was a 19-year-old senior at Port Jervis High School. On that day, the plaintiff's art teacher temporarily left her class unattended while she was meeting with the principal. The plaintiff, upon finishing his assignment, which consisted of using rubber cement to paste articles onto construction paper, admitted that he was bored and fidgety and began turning his cigarette lighter on and off for "no reason at all." Subsequently, rubber cement in a plastic

container on his desk ignited. In his attempt to extinguish the fire, the plaintiff hit the flame with the palm of his hand sustaining injuries. The defendant admittedly failed to commence an action against the Port Jervis School District (hereinafter School District) before the expiration of the one year and 90 day Statute of Limitations.

To establish a prima facie case of legal malpractice, the plaintiff is required to demonstrate that he would have "succeeded on the merits of the underlying action but for the attorney's negligence" (*Davis v Klein,* 88 NY2d 1008, 1009-1010). Here, the defendant established her entitlement to summary judgment. The School District did not breach its duty of adequate supervision. Moreover, the plaintiff's injury was not a foreseeable consequence of the teacher's temporary absence from the classroom (*see, Mirand v City of New York,* 84 NY2d 44, 50). The plaintiff had taken a firefighting course and was well aware of the flammability of rubber cement. The plaintiff demonstrated a lack of reasonable regard for his own safety by turning a cigarette lighter on and off, which was a direct cause of the incident resulting in his injury and defeated his right of recovery against the School District (*see, Ruggerio v Board of Educ.,* 31 AD2d 884; *Danna v Sewanhaka Cent. High School Dist.,* 242 AD2d 361). In opposition, the plaintiff failed to raise a triable issue of fact to defeat the motion. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.