■ Marilyn Fillippo, Respondent, v Charles Russo et al., Appellants. [744 NYS2d 500] —In an action to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 10, 2001, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

Between 1991 and 1994, nonparty Son Mar Carting, Inc.

(hereinafter Son Mar), received a series of loans from Marine Midland Bank (hereinafter Marine Midland). In 1991, the plaintiff and her husband, who was the president and sole shareholder of Son Mar, were among the persons who executed personal guarantees in connection with the underlying loans to Son Mar. The plaintiff also executed a mortgage on her residence as security in connection with the loans, but alleged that she was unaware of the existence of the mortgage and that her signature was a forgery.

Son Mar defaulted on the loans and Marine Midland commenced an action in New York County to recover on the loans and to enforce the guarantees (hereinafter the New York action). The plaintiff's husband retained the defendant lawyer and his law firm to represent Son Mar, the individual guarantors, and the plaintiff in the New York action, allegedly without the plaintiff's knowledge or consent. The New York action was settled pursuant to a 1996 stipulation which provided for the entry of a judgment in the principal sum of $311,657.55, which was the remaining indebtedness.

Under the terms of the 1996 stipulation, the plaintiff, by her alleged signature thereto, acknowledged her execution of the mortgage and the amount of outstanding indebtedness. A judgment was subsequently entered against, among others, the plaintiff and her husband, in favor of Marine Midland in the New York action.

Son Mar also defaulted under the terms of the 1996 stipulation. In 1997, the plaintiff, inter alia, executed an amendment to the 1996 stipulation (hereinafter the 1997 amendment), for which she retained separate counsel. Under the terms of the 1997 amendment, the plaintiff, inter alia, ratified and confirmed the terms of the 1996 stipulation, and agreed to entry of judgment in the event that payments were not made in accordance with the terms therein. The plaintiff does not dispute signing the 1997 amendment, but alleged that she lacked the capacity to execute it.

Thereafter, Son Mar defaulted under the terms of the 1997 amendment and Marine Midland commenced a foreclosure action in Suffolk County seeking, among other things, to enforce judgment against the plaintiff and to foreclose on her residence. Marine Midland then moved for summary judgment in its favor, inter alia, on the ground that the plaintiff remained liable for the amount of indebtedness under the respective notes pursuant to her default under the 1997 amendment. The plaintiff, in opposition to the motion, alleged, inter alia, that her signatures on the mortgage and the 1996 stipulation were

forgeries, and that she lacked the capacity to sign the 1997 amendment.

The Supreme Court granted Marine Midland's motion for summary judgment, determining that the plaintiff's defenses were without merit. The Supreme Court determined that although the plaintiff claimed that she did not sign the underlying mortgage, that she nonetheless accepted responsibility with regard to the mortgage by entering into the 1997 amendment. Further, the Supreme Court determined that the plaintiff failed to establish a lack of capacity. This Court affirmed the Supreme Court's grant of summary judgment in the foreclosure action (see Marine Midland Bank v Fillippo, 276 AD2d 601). The defendant attorneys did not represent the plaintiff in the foreclosure action.

During the pendency of the appeal in the foreclosure action, the plaintiff moved for leave to reargue Marine Midland's motion for summary judgment. The Supreme Court granted reargument and, upon reargument, in effect, vacated the order granting summary judgment and directed a hearing on the issue of whether the plaintiff lacked capacity to sign the 1997 amendment. However, the hearing was never held, presumably due to the plaintiff's nonappearance on the scheduled hearing date. The Supreme Court issued an order finding that the plaintiff failed to meet her burden of establishing a prima facie case and upon reargument reinstated the order granting summary judgment.

In March 1998 the plaintiff commenced the instant action to recover damages for legal malpractice against the defendant attorneys alleging, inter alia, that the defendants represented her in the underlying transactions and actions without her knowledge and consent, and failed to adequately represent her interests. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that the plaintiff did not have a full and fair opportunity to litigate, among other things, the issue of whether she lacked capacity to execute the 1997 amendment.

The defendants correctly contend that the plaintiff is precluded from challenging the validity of the 1997 amendment under the doctrine of collateral estoppel, as the plaintiff fully litigated the issue of whether she lacked capacity to sign the amendment in the foreclosure action and in the subsequent appeal (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455; Petersen v Lysaght, Lysaght & Kramer, 250 AD2d 581, 582).

To succeed on a claim alleging legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise

the degree of care, skill, and diligence commonly possessed by a member of the legal community, that such negligence was the proximate cause of damages, and that, but for such negligence, the plaintiff would have prevailed in the action (*see Briggs v Berkman,* 284 AD2d 423; *Raphael v Clune, White & Nelson,* 201 AD2d 549).

For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements (*see Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572; *Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303).

The defendants met their burden of establishing entitlement to judgment as a matter of law by demonstrating that the plaintiff would be unable to establish that their negligence, if any, was the proximate cause of her damages, and that, but for such negligence she would have prevailed in the underlying action (*see Ashton v Scotman,* 260 AD2d 332; *Raphael v Clune, White & Nelson, supra*). The plaintiff, in opposition, failed to raise a triable issue of fact.

The plaintiff did not have a viable defense to Marine Midland's claims under the 1993 guaranty wherein she expressly agreed to be personally liable for the subject indebtedness. Further, the plaintiff executed the 1997 amendment, wherein she expressly ratified the terms of the 1996 stipulation and agreed to entry of judgment in the event of default. Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.