■ VANESSA RICCIO, Plaintiff, v ARMANDO DEPERALTA, Defendant. (Action No. 1.) VANESSA RICCIO, Respondent, v NICHOLAS MARTINO, JR., Appellant. (Action No. 2.) [758 NYS2d 104] —In an action to recover damages for personal injuries (Action No. 1) and a related action to recover damages for legal malpractice (Action No. 2), the defendant in Action No. 2 appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated March 26, 2002, as denied his cross motion for summary judgment dismissing the complaint in Action No. 2.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint in Action No. 2 is dismissed.

On January 4, 1998, the plaintiff, a passenger in a vehicle owned by Joyce M. Marasciullo and operated by Marasciullo's son, Armando Deperalta, allegedly sustained injuries when Deperalta drove the vehicle into a telephone pole. The plaintiff retained Nicholas Martino, Jr., to represent her in an action to recover damages for personal injuries commenced against Marasciullo and Deperalta (hereinafter Action No. 1). By order dated March 5, 1999, the Supreme Court granted Marasciullo's motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against her. In this regard, the Supreme Court found that Deperalta did not have permission to operate Marasciullo's vehicle at the time of the accident. Thereafter, the plaintiff discharged Martino and retained new counsel to represent her in Action No. 1.

On January 23, 2001, the plaintiff commenced an action to recover damages for legal malpractice against Martino (hereinafter Action No. 2), alleging that, in opposition to Marasciullo's motion for summary judgment, Martino negligently failed to submit the affidavit of a nonparty witness, Victoria Mauro,

who was also a passenger in Deperalta's vehicle at the time of the accident. Martino cross-moved for summary judgment dismissing the complaint in Action No. 2. The Supreme Court, inter alia, denied the cross motion. We reverse the order insofar as appealed from.

"To succeed on a claim alleging legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the degree of care, skill, and diligence commonly possessed by a member of the legal community, that such negligence was the proximate cause of damages, and that, but for such negligence, the plaintiff would have prevailed in the action" (*Fillippo v Russo,* 296 AD2d 374, 376-377 [2002]). In the instant case, Martino established a prima facie case of entitlement to judgment as a matter of law by demonstrating that the plaintiff would be unable to establish that but for his alleged negligence, she would have been successful in her action against Marasciullo (*see Fillippo v Russo, supra; Ashton v Scotman,* 260 AD2d 332 [1999]; *Raphael v Clune, White & Nelson,* 201 AD2d 549 [1994]). In this regard, the deposition testimony of Marasciullo and Deperalta demonstrated that Deperalta did not have permission to use Marasciullo's vehicle at the time of the accident. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The assertions proffered by Mauro in her affidavit and deposition regarding whether Marasciullo had given Deperalta permission and consent to operate her vehicle on the date of the accident were vague, conclusory, and speculative (*see GCDM Ironworks v GJF Constr. Corp.,* 292 AD2d 495 [2002]).

Accordingly, the Supreme Court erred in denying Martino's cross motion for summary judgment dismissing the complaint in Action No. 2. Feuerstein, J.P., H. Miller, Townes and Rivera, JJ., concur.