■ ROBERTA STEIN et al., Respondents-Appellants, v WILLIAM F. LEVINE et al., Appellants-Respondents. [779 NYS2d 556]—

In an action to recover damages for legal malpractice and breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Jonas J.), entered June 19, 2003, as granted that branch of the plaintiffs' motion which was to strike the affirmative defense asserting the collat-

eral source rule pursuant to CPLR 4545 (c), and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of plaintiffs' motion which was to strike the affirmative defense asserting the collateral source rule pursuant CPLR 4545 (c) is denied, and that affirmative defense is reinstated; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Roberta Stein allegedly contracted food poisoning at a Club Med resort in the Bahamas. She and her husband hired the defendants as legal counsel to pursue a tort action against the resort. The plaintiffs, alleging that the defendants failed to commence a timely action against a proper resort defendant, commenced this action to recover damages for legal malpractice and breach of contract. The plaintiffs moved for summary judgment on the issue of liability and to dismiss the defendants' affirmative defense asserting the collateral source rule (*see* CPLR 4545 [c]). The Supreme Court denied that branch of the motion which was for summary judgment and granted that branch of the motion which was to dismiss the defendants' affirmative defense.

In support of that branch of their motion which was for summary judgment on the issue of liability, the plaintiffs failed to demonstrate a prima face case that, but for the negligence of the defendants, they would have prevailed in the underlying tort action against the resort (*see Perks v Lauto & Garabedian,* 306 AD2d 261 [2003]; *Riccio v Deperalta,* 303 AD2d 742, 743 [2003]). Thus, the plaintiffs were properly denied summary judgment on the issue of liability.

However, the Supreme Court erred in granting that branch of the motion which was to dismiss the defendants' affirmative defense asserting the collateral source rule (*see* CPLR 4545 [c]). The measure of the plaintiffs' damages, if any, will be the value of their lost claims as against the resort (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42 [1990]). The defendants are entitled to mitigate such damages, if any, by offering evidence that such damages would have been reduced by the collateral source rule (*cf. Caiati v Kimel Funding Corp.,* 154 AD2d 639 [1989]). The case of *Horstmann v Nicholas J. Grasso, P.C.* (210 AD2d 671 [1994]), relied upon by the plaintiffs, is distinguishable. In that case, the defense afforded by CPLR 4545

(c) was not available to the defendant. Since the defense would have been available to the defendant in the underlying action, it is properly considered in this action in determining damages. Krausman, J.P., Townes, Crane and Spolzino, JJ., concur.