■ Edelweiss (USA) Inc., Respondent, v Vengroff Williams & Associates, Inc., et al., Appellants. [815 NYS2d 589]—

In an action, inter alia, to recover damages for legal malpractice, the defendant David Jeffrey Gold appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated September 28, 2004, as granted that branch of the plaintiff's motion which was for summary judgment against him on the issue of liability, and the defendant Vengroff Williams & Associates, Inc., appeals from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment against it on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion for summary judgment on the issue of liability against the defendants is denied.

The plaintiff sold frozen poultry to a purchaser in Russia, and arranged to have the poultry carried by boat, in three shipments, from the United States to Russia by Orient Overseas Container Line Limited (hereinafter OOCLL), a common carrier of goods for hire by sea. Upon the plaintiff's delivery of the poultry to OOCLL's boats in the United States, OOCLL tendered the plaintiff an original bill of lading, in triplicate, for each of the three shipments. The bills of lading referable to two of the shipments were "straight" bills of lading, in that they identified the Russian purchaser as the consignee of the poultry. With respect to the other bill of lading, however, the record contains two versions, one of which is a "straight" bill of lading, and the other of which is an "order" bill of lading, in that it identified the consignee as the "order of shipper," i.e., the plaintiff. The plaintiff never received payment for the poultry from the purchaser, and thus did not tender a bill of lading to

the purchaser with respect to any of the shipments. Consequently, the purchaser never presented or surrendered bills of lading to OOCLL when the three poultry shipments were unloaded in Russia. OOCLL nonetheless released the poultry to the purchaser.

Eight months after the final delivery of the poultry in Russia, and after the plaintiff's direct attempts to collect the purchase price from the Russian purchaser proved unsuccessful, the plaintiff retained the defendant Vengroff Williams & Associates, Inc. (hereinafter Vengroff), a collection agency, to attempt to recover from OOCLL the sales price of the poultry, plus collection costs and interest, totaling more than $165,000. OOCLL refused to pay Vengroff. Nine months after the final delivery of the poultry in Russia, Vengroff, with the plaintiff's knowledge, retained the defendant attorney David Jeffrey Gold to commence an action against OOCLL to recover that amount. Gold delayed the commencement of the action until Vengroff forwarded to Gold a sum of money representing the costs and expenses of commencing litigation, which Vengroff finally paid in March 2002, slightly more than one year after the final delivery of the poultry in Russia.

Gold, as the attorney for the plaintiff, commenced an action against OOCLL in the Supreme Court, New York County (hereinafter the collection action), more than 13 months after the final delivery of the poultry in Russia. The collection action sought recovery of approximately $165,000, representing damages for breach of contract, and for failure to pay on an account stated. OOCLL removed the collection action to the United States District Court for the Southern District of New York, on the ground that the causes of action set forth in the complaint were within the purview of the federal Carriage of Goods By Sea Act (46 USC Appendix § 1300 *et seq.*) (hereinafter COGSA). Upon removal, OOCLL moved in the United States District Court to dismiss the complaint in the collection action on the ground that the plaintiff's causes of action were encompassed by COGSA, and, as such, were barred by COGSA's one-year statute of limitations (*see* 46 USC Appendix § 1303 [6]).

Gold requested that the plaintiff pay him an attorney's fee before he would oppose the motion. When the plaintiff refused to pay, Gold moved to be relieved as counsel. The United States District Court granted Gold's motion without opposition, and directed the plaintiff to retain substitute counsel or face dismissal of its action. When the plaintiff did not retain substitute counsel, the District Court dismissed the plaintiff's action on the ground that the plaintiff violated the prior order. The plaintiff made no attempt to vacate the order of dismissal.

The plaintiff thereafter commenced the instant action against Vengroff and Gold, alleging that Vengroff was negligent in delaying the commencement of the collection action by failing timely to forward the money representing the costs and expenses of litigation to Gold, and in retaining an attorney who was not conversant with maritime law, and that Gold committed legal malpractice by his untimely commencement of the collection action. After some discovery was conducted, the Supreme Court, inter alia, granted the plaintiff's motion for partial summary judgment on the issue of liability against both Vengroff and Gold. We reverse and deny the motion.

"In order to prevail in a legal malpractice action, the plaintiff must prove that the defendants failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and that but for the defendants' negligence, the plaintiff would have been successful in the underlying action" (*McNamara v Tendy & Cantor,* 267 AD2d 362, 362 [1999]; *see Deitz v Kelleher & Flink,* 232 AD2d 943, 944-945 [1996]; *Thaler & Thaler v Gupta,* 208 AD2d 1130, 1132 [1994]; *Greene v Payne, Wood & Littlejohn,* 197 AD2d 664, 666 [1993]; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513 [1990]; *Saveca v Reilly,* 111 AD2d 493, 494 [1985]). On a motion for summary judgment, the plaintiff thus has the burden of establishing, prima facie, that the attorney's negligence was the proximate cause of its loss, and that it would have prevailed in the underlying action but for the attorney's negligence (*see Stein v Levine,* 8 AD3d 652, 653 [2004]; *see also Davis v Klein,* 88 NY2d 1008, 1009-1010 [1996]; *Maillet v Campbell,* 280 AD2d 526, 527 [2001]; *McKenna v Forsyth & Forsyth,* 280 AD2d 79, 80 [2001]; *Shapiro v Butler,* 273 AD2d 657, 659 [2000]).

In the instant dispute, the plaintiff made a prima facie showing that, had the collection action been commenced against OOCLL within the limitations period contained in COGSA, the plaintiff would have prevailed as to liability. Contrary to the Supreme Court's determination, however, Gold and Vengroff raised triable issues of fact in opposition to this showing (*see McNamara v Tendy & Cantor, supra*). In particular, they raised triable issues of fact with respect to whether the disputed bills of lading were nonnegotiable within the meaning of the federal Pomerene Bills of Lading Act (49 USC § 80101 *et seq.*) (*see* 49 USC § 80103 [b] [1]; *see also* 46 USC Appendix § 1303 [4]), and thus whether OOCLL was obligated to deliver and release the poultry to the Russian purchaser irrespective of whether that

purchaser presented and surrendered documents of title (*see* 49 USC § 80110 [a], [b] [2]).

We have not considered any arguments with respect to Vengroff's cross motion for summary judgment on its cross claim for indemnification against Gold, as this issue is not properly before us on Gold's limited appeal. Schmidt, J.P., Santucci, Rivera and Dillon, JJ., concur.