■ Edelweiss (USA), Inc., Respondent, v Vengroff Williams & Associates, Inc., et al., Appellants. [873 NYS2d 714]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Vengroff Williams & Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kerins, J.), dated March 29, 2007, as granted that branch of the plaintiff's renewed motion which was for summary judgment on the issue of liability against it and denied those branches of its cross motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice re-

lated to the shipment of goods covered by bills of lading dated January 10, 2001, and January 31, 2001, insofar as asserted against it, and for summary judgment limiting the plaintiff's recovery against it to the sum of $500 on so much of the complaint as sought to recover damages for legal malpractice related to the shipment of goods covered by a bill of lading dated January 24, 2001, and the defendant David Jeffrey Gold separately appeals, as limited by his brief, from stated portions of the same order. By decision and order on motion of this Court dated September 3, 2008, the appeal by the defendant Vengroff Williams & Associates, Inc., was severed, the appeal by the defendant David Jeffrey Gold was held in abeyance pending completion of a bankruptcy proceeding pending in the Bankruptcy Court for the Middle District of Pennsylvania, under case No. 5-08-50471, and this Court directed that the appeal by the defendant Vengroff Williams & Associates, Inc., be determined separately.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's renewed motion which was for summary judgment against the defendant Vengroff Williams & Associates, Inc., on the issue of liability for legal malpractice related to the shipment of goods covered by bills of lading dated January 10, 2001, and January 31, 2001, and substituting therefor a provision denying that branch of the renewed motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Vengroff Williams & Associates, Inc., which was for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice related to the shipment of goods covered by bills of lading dated January 10, 2001, and January 31, 2001, insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by the defendant Vengroff Williams & Associates, Inc., without costs or disbursements.

The plaintiff sold frozen poultry to a purchaser in Russia, and arranged to have the poultry transported by boat, in three shipments, from the United States to Russia. It hired Orient Overseas Container Line Limited (hereinafter OOCLL) to ship the poultry. Upon the plaintiff's delivery of the poultry to OOCLL's ships in the United States, OOCLL tendered the plaintiff an original bill of lading, in triplicate, for each of the three shipments.

The plaintiff never received payment for the poultry from the purchasers, and consequently did not tender a bill of lading to

them with respect to any of the shipments. Nevertheless, without receiving bills of lading from the Russian purchasers, OOCLL released the three shipments to them.

The plaintiff subsequently retained the defendant Vengroff Williams & Associates, Inc. (hereinafter Vengroff), a collection agency, to attempt to recover from OOCLL the sales price of the poultry, plus collection costs and interest, totaling more than $165,000. When its efforts proved unsuccessful, Vengroff, with the plaintiff's knowledge, retained the defendant attorney David Jeffrey Gold to commence an action against OOCLL to recover that amount. Ultimately, the action against OOCLL was dismissed, and the plaintiff commenced the instant action against Vengroff and Gold, asserting causes of action alleging negligence and legal malpractice. In an order dated September 28, 2004, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the issue of liability against both Vengroff and Gold. On a prior appeal, this Court reversed the order insofar as appealed from by the defendants, holding that, although the plaintiff had established its prima facie entitlement to judgment as a matter of law, the defendants had raised triable issues of fact as to whether the three bills of lading in question were negotiable or nonnegotiable. We held that, if the bills of lading were nonnegotiable, OOCLL was obligated, under the Pomerene Bills of Lading Act (49 USC § 80101 *et seq.*), to release the poultry to the purchasers notwithstanding their failure to tender the bills of lading. In that event, OOCLL could not be liable to the plaintiff for having released the poultry, and the plaintiff could not have prevailed in the underlying action against OOCLL (*see Edelweiss [USA] Inc. v Vengroff Williams & Assoc., Inc.,* 27 AD3d 688 [2006]).

Upon remittal to the Supreme Court, the parties conducted further discovery and it was developed that two of the bills of lading, dated January 10, 2001, and January 31, 2001, were nonnegotiable, while the bill of lading dated January 24, 2001, was negotiable. The plaintiff thereafter renewed its motion for summary judgment on the issue of liability. With respect to the two shipments covered by the nonnegotiable bills of lading, the plaintiff claimed that OOCLL was still obligated not to release the cargo to the Russian purchasers because a so-called ''Accomplishment Clause'' in the bills in effect prohibited it from doing so. Thus, the plaintiff argued, it could have succeeded in the lawsuit against OOCLL as to all three shipments were it not for the defendants' negligence and malpractice. In an order dated March 29, 2007, the Supreme Court, inter alia, granted that branch of the plaintiff's renewed motion which was for

summary judgment on the issue of liability against Vengroff, and denied those branches of Vengroff's cross motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice related to the shipment of goods covered by the bills of lading dated January 10, 2001, and January 31, 2001, insofar as asserted against it, and for summary judgment limiting the plaintiff's recovery against it to the sum of $500 on so much of the complaint as sought to recover damages for legal malpractice related to the shipment of goods covered by the bill of lading dated January 24, 2001. Vengroff appeals and we modify.

Inasmuch as there are no longer issues of fact as to whether the bill of lading dated January 24, 2001, was negotiable and therefore whether the plaintiff would have prevailed in the underlying action against OOCLL with respect to the shipment evidenced by that bill of lading, the plaintiff was entitled to summary judgment as to liability for the failure of Vengroff to timely commence so much of the underlying action as sought to recover damages for misdelivery of that shipment. However, with respect to so much of the underlying action as related to the shipments evidenced by the nonnegotiable bills of lading, dated January 10, 2001, and January 31, 2001, Vengroff established its entitlement to judgment as a matter of law on the ground that the plaintiff could not have prevailed on those claims, and the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]).

To the extent that the plaintiff argues that the so-called "Accomplishment Clause" contained in each of the bills of lading created contractual liability, irrespective of whether the bills of lading were negotiable or nonnegotiable, this contention was not based on any new facts and was improper. The argument was raised and rejected by this Court on the prior appeal. By repeating the argument on its renewed motion, the plaintiff was improperly attempting to reargue a motion in the Supreme Court which had been previously decided against it by this Court (*cf. Metropolitan Prop. & Cas. Ins. Co. v Village of Croton-on-Hudson,* 44 AD3d 724 [2007]).

Vengroff's remaining contentions are without merit (*see Gold Medal Trading Corp. v Atlantic Overseas Corp.,* 580 F Supp 610, 613-614 [1984]; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey,* 45 AD3d 809 [2007]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.