◾ MATTHEW J. RYAN et al., Appellants, v POWERS & SANTOLA, LLP, et al., Respondents. [899 NYS2d 486]—

Egan Jr., J. Appeal from an order of the Supreme Court

(Lynch, J.), entered October 20, 2009 in Rensselaer County, which, among other things, denied plaintiffs' motion for partial summary judgment.

While dining at a T.G.I. Friday's restaurant with his wife and daughter in September 1999, plaintiff Matthew J. Ryan was struck on the head by a highchair being moved by a restaurant employee. Plaintiffs retained defendants Powers & Santola, LLP and Pechenik & Curro, P.C. to represent them in a negligence action against T.G.I. Friday's, Inc. and Carlson Restaurants Worldwide, Inc.[1]

The underlying personal injury action was commenced in 2002. After joinder of issue, in response to defendants' motion to compel production of a verified bill of particulars and responses to outstanding discovery demands, Supreme Court (Benza, J.) issued an order that the action would be dismissed if plaintiffs did not provide responses to outstanding demands by November 14, 2003. While a verified bill of particulars and response to discovery demands was served on November 14, 2003, many responses required supplementation. Supreme Court extended the discovery schedule and ordered that plaintiffs serve supplemental discovery responses by February 11, 2005. Thereafter, in response to a motion to preclude made by defendants, Supreme Court (Spargo, J.) issued a supplemental discovery schedule together with a conditional order that the action would be dismissed if plaintiffs did not serve a supplemental verified bill of particulars by July 11, 2005. Plaintiffs failed to comply with this order and the complaint was dismissed.

Plaintiffs commenced this legal malpractice and breach of contract action against defendants claiming that "but for" defendants' negligence in failing to respond to discovery demands and preclusion motions, in failing to follow court orders, in consenting to conditional orders and in failing to move to vacate the dismissal order, plaintiffs would have been successful in their underlying personal injury action. Plaintiffs moved for partial summary judgment on the issue of liability. Supreme Court (Lynch, J.) denied plaintiffs' motion, finding that plaintiffs failed to establish causation in the underlying action and that, "but for" the actions of defendants, plaintiffs would have prevailed in the underlying action. Supreme Court also found that defendants' submissions in response to plaintiffs'

---

1. Ryan consented to an agreement whereby Powers & Santola, LLP retained Pechenik & Curro, P.C. and Steven A. Pechenik to prosecute the action. The agreement provided that the attorneys "agree to be jointly responsible for the representation of the client."

motion raised a question of fact precluding summary judgment in plaintiffs' favor.[2] Plaintiffs now appeal and we affirm.

A claim of legal malpractice will be sustained if the plaintiff establishes "both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (*Alaimo v McGeorge*, 69 AD3d 1032, 1034 [2010] [internal quotation marks and citations omitted]). To succeed on their motion, plaintiffs have the burden of establishing, prima facie, that, "but for" defendants' negligence, they would have prevailed in their underlying personal injury action (*see Edelweiss [USA] Inc. v Vengroff Williams & Assoc., Inc.*, 27 AD3d 688, 690 [2006]). We agree with Supreme Court that plaintiffs' conclusory assertions—that "but for" defendants' alleged negligence, they "would have been able to prosecute all causes of action to a successful outcome"—failed to establish their prima facie entitlement to summary judgment (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Bixby v Somerville*, 62 AD3d 1137, 1139 [2009]). In any event, even if we were to conclude that plaintiffs established their prima facie entitlement to summary judgment, defendants established questions of fact that preclude summary judgment in plaintiffs' favor. There are questions of fact as to whether plaintiffs failed to cooperate with defendants in providing them with pertinent economic and financial information together with information and documents necessary for motion practice after the underlying action was dismissed. Finally, insofar as defendants submit medical evidence that Ryan, as an Olympic wrestler in 1984 and 1988, sustained multiple head injuries with a loss of consciousness, there are also questions of fact with respect to causation in the underlying action.

Accordingly, Supreme Court properly denied plaintiffs' motion for partial summary judgment.

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

2. Upon a request by Powers & Santola, LLP, which plaintiffs did not oppose, Supreme Court also dismissed plaintiffs' second cause of action asserting a breach of contract.