■ Francis Gardner, Respondent, v Robert M. Jacon, Respondent, and Eric P. Von Wiegen et al., Appellants.— Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered August 1, 1988 in Rensselaer County, which denied the motion of defendants Eric P. Von Wiegen and John Powers for summary judgment dismissing the complaint against them.

Plaintiff, while employed as a dock worker by Atlantic Cement Company, Inc., was injured on April 1, 1981 when a mooring line from a vessel berthed at the pier of his employer snapped and struck him on the back and arm. On June 17, 1981 plaintiff consulted defendant Robert M. Jacon, a general practitioner with some negligence experience, concerning his injuries and any potential claims he might have, including his workers' compensation claim. Since Jacon was unfamiliar with claims having maritime implications, after this interview he sought an attorney knowledgeable about such claims. Jacon eventually contacted defendant John Powers who, Jacon says, stated that he was interested in the case. Subsequently, Powers arranged a meeting at his office with plaintiff, Jacon and another attorney, defendant Eric P. Von Wiegen. It

is unclear to what extent Powers participated in this meeting but Von Wiegen, in the presence of Jacon, obtained factual information about the accident and injuries from plaintiff. In addition, Jacon asserts that Von Wiegen said he would secure certain information including the name of the ship involved. Eventually the time to commence an action against a third party or plaintiff's employer had expired without any legal action being taken. However, in January 1983, when plaintiff was advised that he had a claim worth about $17,000 to $30,000 against his employer, he stated that he did not want to sue his employer for that amount of money fearing loss of his employment.

Plaintiff subsequently commenced a cause of action for legal malpractice against the three attorneys for, *inter alia,* failing to timely prosecute his claim. Von Wiegen and Powers (hereinafter collectively referred to as defendants) answered and filed cross claims against Jacon. Depositions of the parties were completed and defendants moved for summary judgment contending that no attorney-client relationship existed between plaintiff and defendants. Both plaintiff and Jacon opposed this motion. Supreme Court denied the motion finding that "[i]ssues of fact exist concerning the basis of defendants *[sic]* consultations, actions, role and advice, as well as' the effects thereof". This appeal by defendants ensued.

Defendants first contend that they cannot be held liable in negligence or malpractice because there was never any attorney-client relationship between plaintiff and defendants. Although it was Jacon's belief that defendants stated they would handle the case, defendants assert that plaintiff never stated that he retained either of them. Nevertheless, an attorney-client relationship may exist in the absence of a retainer or fee *(see, People v Fentress,* 103 Misc 2d 179, 189). Von Wiegen interviewed plaintiff about the accident and his injuries, had a file on the case, sent various letters informing others that he, Powers and Jacon represented plaintiff, sought information for the purposes of bringing suit against the owner of the vessel involved, evaluated the worth of plaintiff's claim and apparently engaged in or attempted to engage in settlement negotiations with the insurance carrier for plaintiff's employer. Thus, it is clear that questions of fact exist concerning Von Wiegen's representation of plaintiff and whether an attorney-client relationship existed between defendants and plaintiff.

Von Wiegen claims that he was brought into the case only to research facts and possible Federal claims which he said

that he did. Plaintiff and Jacon assert that there were no such limitations on Von Wiegen's acceptance of the case. Von Wiegen wrote in one letter that he intended to commence an action against the ship. The Longshoremen's and Harbor Workers' Compensation Act permits a claim against the owner of the vessel, and the employer cannot be held liable for the damages *(see,* 33 USC § 905 [b]; *Cruz v American Export Lines,* 67 NY2d 1, 9-10, *cert denied sub nom. Bussanich v United States Lines,* 476 US 1170). Von Wiegen advised Jacon and plaintiff to the contrary. "Legal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client" *(Saveca v Reilly,* 111 AD2d 493, 494). Failure to timely prosecute an action for no apparent reason and faulty legal research are questions of fact and may constitute malpractice *(supra; see, Bonilla v Abbott,* 113 AD2d 861, 862). Thus, questions of fact exist as to whether defendants' action and/or inaction constituted negligence or legal malpractice. Supreme Court therefore properly denied defendants' motion for summary judgment on this record *(see, Saveca v Reilly, supra).*

Finally, defendants argue that plaintiff's opposition to the motion for summary judgment was insufficient since he submitted only an affidavit by his attorney. This statement is inaccurate to the extent that plaintiff also submitted documentary evidence. Here, plaintiff's attorney also possessed personal knowledge of facts relevant to the motion for summary judgment. Plaintiff's attorney relied on documentary evidence acquired through discovery, the attorney's own knowledge of the law and Jacon's assertions submitted in his opposing papers. Triable questions of fact were shown to exist without the necessity of an affidavit from plaintiff, an illiterate. His papers were therefore sufficient. Moreover, since the court, on a motion for summary judgment, is invited to search the record and award judgment where warranted *(see, Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165, 171; *Freidus v Todem Homes,* 80 AD2d 575, 577, *affd* 56 NY2d 526), defendants' argument fails.

Order affirmed, with one bill of costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.