■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WARREN, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered August 20, 1987, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree and robbery in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of from 15 years to life, 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

The trial court properly refused defendant's request to charge the affirmative defense to felony murder. The defense failed to demonstrate that there was a reasonable view of the evidence that would have warranted a finding that defendant did not "solicit, request, command, importune, cause or aid" the homicidal act, or that defendant had no reasonable ground

to believe that codefendant intended to engage in conduct likely to result in death or serious physical injury (Penal Law § 125.25 [3] [a]; *People v Moye,* 66 NY2d 887, 889; *People v Watts,* 57 NY2d 299, 301). Also devoid of merit is defendant's argument that the evidence of his and codefendant's prior commission of "punch robberies", using an identical modus operandi, was improperly admitted. The probative value of such evidence, establishing their shared intent to rob and cause the death of the decedent, outweighed its potential for prejudice, and was not admitted for the sole purpose of demonstrating defendant's criminal propensities *(People v Alvino,* 71 NY2d 233, 241; *People v Allweiss,* 48 NY2d 40, 47; *People v Molineux,* 168 NY 264, 293). Finally, defendant's challenge to the court's charge on his failure to testify is unpreserved as a matter of law and does not warrant review in the interest of justice (CPL 470.05 [2]; *People v Autry,* 75 NY2d 836, 839; *People v Diggs,* 151 AD2d 359, 361). Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.