■ KEVIN MCGLYNN, Appellant, v MICHAEL GURDA et al., Respondents.—Appeals from two orders of the Supreme Court (Viscardi, J.), entered December 3, 1990 and May 27, 1991 in Essex County, which granted defendants' motions for summary judgment dismissing the complaint.

We reject plaintiff's contention that Supreme Court erred in granting defendants' motions for summary judgment. Plaintiff's suit against defendants was based on the allegation that they committed legal malpractice by permitting the Statute of Limitations for a medical malpractice action to expire. In their motions for summary judgment, however, defendants contended that no attorney-client relationship existed between themselves and plaintiff. The evidence submitted in support of the motions showed that although defendants were contacted by plaintiff regarding the malpractice claim, there was never any agreement to undertake representation of plaintiff. Having demonstrated their entitlement to summary relief, it was up to plaintiff, as the party opposing the motions, to demonstrate the existence of factual issues *(see, Zuckerman v City of New York,* 49 NY2d 557; *Carey v Campbell,* 93 AD2d 923). This he failed to do. Plaintiff's claims were nothing more than conclusory allegations and he failed to submit any evidentiary proof to show that such a relationship existed *(see, Mills v Pappas,* 174 AD2d 780, *appeal dismissed* 78 NY2d 1121; *cf., Gardner v Jacon,* 148 AD2d 794).

Weiss, P. J., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.