■ JANE STREET COMPANY, Appellant, v ROSENBERG & ESTIS, P. C., Respondent. [597 NYS2d 17] —Appeal from an order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered December 5, 1991, which, *inter alia,* granted defendant's cross-motion to dismiss and for summary judgment, deemed to be one from a judgment of said court and Justice, entered December 26, 1991, and said judgment unanimously affirmed, with costs.

The IAS Court correctly determined that no attorney-client relationship existed between these parties. Although privity does not depend on an express agreement or upon payment of a fee, plaintiff's unilateral beliefs and actions do not confer upon it the status of client. There is nothing in the record to indicate that defendant law firm either affirmatively led plaintiff to believe it was acting on plaintiff's behalf or knowingly allowed plaintiff to proceed under this misconception. Concur —Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REG MARTIN, Appellant. [597 NYS2d 594] —Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered October 1, 1990, convicting defendant, after jury trial, of burglary in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

The trial court appropriately exercised its discretion in permitting cross-examination of defendant only as to those prior convictions that were not remote in time, and that had a reasonable bearing on credibility *(People v Sandoval,* 34 NY2d 371, 377-378).

Defendant failed to object to the two isolated comments of the prosecutor made during cross-examination and summation that he now claims constituted error, and thus failed to preserve the issues for appellate review as a matter of law (CPL 470.05). Were we to review the issues in the interest of justice, we would find defendant's arguments to be meritless.

Defendant did not preserve as a matter of law his challenge to the trial court's charge regarding his failure to testify and the issue does not warrant review in the interest of justice *(People v Warren,* 162 AD2d 361, 362, *lv denied* 76 NY2d 897). Concur—Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.