■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DOUGLAS, Appellant. [669 NYS2d 456] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of two counts of felony murder in the second degree, one count of kidnapping in the first degree and two counts of robbery in the first degree. The conviction arises out of defendant's participation with three other teenagers in the abduction, robbery and fatal shooting of Richard Snyder and Vickie Solli on September 18, 1994 in Rochester. Defendant testified that he did not know that his companion, Deon Dawson, had a gun before he saw Dawson pull it out and shoot the victims. On rebuttal, the People were permitted to introduce evidence that, approximately one hour before the victims were shot, defendant actively participated in an uncharged armed robbery during which he held a gun on the victim.

County Court did not err in admitting evidence of the prior uncharged crime to establish defendant's "shared intent" in the felony murders (*People v Ricks,* 218 AD2d 820, 821, *affd* 89 NY2d 318; *see, People v Warren,* 162 AD2d 361, 362, *lv denied* 76 NY2d 897). The court conducted a pretrial *Ventimiglia* hearing (*see, People v Ventimiglia,* 52 NY2d 350) at which the People sought permission to offer evidence that defendant participated in a robbery with the same accomplices and used the same gun shortly before the instant offenses were committed. The court ruled that the People could offer evidence of the prior uncharged crime to establish "shared intent", but such evidence could not be used in the People's direct case. The People abided by that ruling but, when defendant testified to a defense of lack of knowledge that his companion was armed

and that he participated in the abduction because he was "scared" of the codefendant, the People properly offered evidence in rebuttal that defendant was involved in an uncharged robbery a short time before the instant offenses. The probative value of such evidence, establishing defendant's shared intent to abduct and rob the victims, outweighed its potential for prejudice and was not admitted for the sole purpose of demonstrating defendant's criminal propensities (*see, People v Alvino,* 71 NY2d 233, 241; *People v Ricks, supra,* at 821; *People v Warren, supra,* at 362).

Although defendant was only 15 years old when these crimes were committed, considering the cold-blooded nature of the crimes, we conclude that the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.