■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEON DAWSON, Appellant. [672 NYS2d 203] —Judgment unanimously affirmed. Memorandum: Following a jury trial, defendant was convicted of two counts each of murder in the second degree (Penal Law §§ 20.00, 125.25 [3]), kidnapping in the first degree (Penal Law §§ 20.00, 135.25 [3]) and robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]). The charges arose out of defendant's participation with three other teenagers in the abduction, robbery and fatal shooting of two victims on September 18, 1994 in Rochester (*see, People v Douglas*, 248 AD2d 977). Following his commission of the crimes, defendant fled to the home of his grandmother in Cocoa, Florida. At the request of the Rochester Police Department, defendant was interviewed by members of the Cocoa Police Department. Defendant made statements implicating himself in the crimes. Two Rochester police officers traveled to Florida and interviewed defendant on the following day and obtained incriminating statements from him.

Defendant's statements to the police were properly admitted

into evidence. The record supports the conclusions of County Court that defendant was not in custody when he was interviewed by a captain of the Cocoa Police Department and that he was given *Miranda* warnings and freely and voluntarily waived them. Defendant's statements to Rochester police officers in Florida were not obtained in violation of defendant's right to counsel. The record likewise supports the court's conclusion that the arrest warrant was not obtained until after defendant made the statements; therefore, defendant's indelible right to counsel had not yet attached at the time the statements were made. The execution of a search warrant at defendant's residence did not trigger defendant's indelible right to counsel (*see, People v Smith,* 234 AD2d 946, *lv denied* 89 NY2d 1041).

The testimony of Robert Orr, defendant's accomplice as a matter of law, was adequately corroborated by defendant's admissions (*see, People v Burgin,* 40 NY2d 953, 954; *People v White,* 147 AD2d 967). The court did not abuse its discretion in denying defendant's request for an adjournment to enable defense counsel to obtain information from Florida with which to impeach the testimony of the captain of the Cocoa Police Department, a prosecution witness. The request was based upon conclusory allegations of necessity, counsel failed to identify specifically the documents that she was seeking, and she could not provide the court with assurances that the material she was seeking would be available by a certain date. In any event, the material was sought to impeach the testimony of that witness on collateral issues of credibility. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Smith, J.—Murder, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.