■ LORRENCE FLEISSLER et al., Appellants, v BRUCE BAYROFF, Respondent. [698 NYS2d 19] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered December 2, 1998, after a nonjury trial, in defendant's favor dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs' cause of action for legal malpractice was properly dismissed on the grounds that plaintiffs failed to establish the existence of an attorney-client relationship with defendant, a fellow investor, with respect to the real estate transaction at issue (see, *Sucese v Kirsch*, 199 AD2d 718) and, in any event, failed to establish that defendant's conduct fell below the ordinary standard of practice in the legal community (see, *Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132). Nor do we perceive any reason to disturb the trial court's conclusion that defendant made no contractual commitment to accompany the escrow agent to the bank (see, *Public Serv. Mut. Ins. Co. v Hollander*, 228 AD2d 283, 285, *lv denied* 88 NY2d 816). Because plaintiffs failed to establish that defendant owed them a duty, either as an attorney or by reason of a contractual undertaking, plaintiffs' negligence and breach of contract claims were

properly dismissed. Plaintiffs' additional claim in arguing this appeal, that defendant owed them a fiduciary duty, is improperly raised for the first time on appeal. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.