■ Wei Cheng Chang et al., Appellants-Respondents, v Katy Pi et al., Defendants, and Allen Wu et al., Respondents-

Appellants. [733 NYS2d 471] —In an action, *inter alia*, to recover damages for legal malpractice, (1) the plaintiffs appeal (a) from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered April 14, 2000, (b) from stated portions of an amended judgment of the same court entered May 2, 2000, (c) from stated portions of an order of the same court dated May 23, 2000, (d), as limited by their brief, from so much of an order of the same court, also dated May 23, 2000, as granted that branch of the motion of the defendants Allen Wu and Annie Kao which was to omit an award of prejudgment interest, and (e), as limited by their brief, from so much of a second amended judgment of the same court entered October 19, 2000, as, after a nonjury trial, is in their favor and against the defendants Allen Wu and Annie Kao in the principal sum of only $287,941.13 and failed to award them prejudgment interest, and (2) the defendants Allen Wu and Annie Kao cross-appeal (a) from the judgment entered April 14, 2000, (b) from stated. portions of the amended judgment entered May 2, 2000, and (c), as limited by their brief, from so much of the second amended judgment entered October 19, 2000, as, upon the second order dated May 23, 2000, denying that branch of their motion pursuant to CPLR 4404 which was to set aside the verdict as against the weight of the evidence, is in favor of the plaintiffs and against them.

Ordered that the appeals and cross appeals from the judgment and the amended judgment are dismissed, as the judgment and amended judgment were superseded by the second amended judgment; and it is further,

Ordered that the appeal from the order dated May 23, 2000, denying the plaintiffs' motion to reinstate causes of action asserted against the defendants Katy Pi and 43rd Avenue Corona Corp., is dismissed as abandoned; and it is further,

Ordered that the appeal from the order dated May 23, 2000, granting that branch of the motion of the defendants Allen Wu and Annie Kao which was to omit an award of prejudgment interest, is dismissed; and it is further,

Ordered that the second amended judgment is reversed insofar as cross-appealed from, on the law, the judgment, stated portions of the amended judgment which are in favor of the plaintiffs and against the defendants Allen Wu and Annie Kao, and the second order dated May 23, 2000, are vacated, and the complaint is dismissed insofar as asserted against the defendants Allen Wu and Annie Kao; and it is further,

Ordered that the appeal from the second amended judgment is dismissed as academic; and it is further,

Ordered that the defendants Allen Wu and Annie Kao are awarded one bill of costs.

The appeal from the intermediate order granting that branch of the motion of the defendants Allen Wu and Annie Kao which was to omit an award of prejudgment interest must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the second amended judgment (*see,* CPLR 5501 [a] [1]).

On November 11, 1988, the plaintiffs entered into a contract to purchase certain parcels of land from the defendants Katy Pi and 43rd Avenue Corona Corp. The Supreme Court found that the defendant attorneys Allen Wu and Annie Kao represented both parties to the transaction and committed malpractice by drafting a contract with terms which were overly favorable to the sellers. It is undisputed that the defendant attorneys represented the defendant sellers in the transaction.

To recover damages for legal malpractice, a plaintiff must prove, *inter alia,* the existence of an attorney-client relationship (*see, Volpe v Canfield,* 237 AD2d 282). In determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship (*see, McLenithan v McLenithan,* 273 AD2d 757, 758). The unilateral belief of a plaintiff alone does not confer upon him or her the status of a client (*see, McLenithan v McLenithan, supra,* at 759; *Volpe v Canfield, supra,* at 283; *Jane St. Co. v Rosenberg & Estis,* 192 AD2d 451). Rather, an attorney-client relationship is established where there is an explicit undertaking to perform a specific task (*see, Volpe v Canfield, supra,* at 283; *Sucese v Kirsch,* 199 AD2d 718, 719).

The Supreme Court erred in determining that the plaintiff Wei Cheng Chang retained the defendant Allen Wu of Wu & Kao to represent the plaintiffs in their purchase of the subject parcels. The application for title insurance and letters from Wu & Kao to the attorneys for the mortgagor and to a title insurance company identified Wu & Kao as attorneys for the plaintiffs. However, no attorney-client relationship was created between the defendant attorneys and the plaintiffs, particularly since such documents were prepared nearly two years after the contracts for the purchase of the subject parcels were executed.

In addition, the record is devoid of any written or oral agreement that the defendant attorneys would perform a specific

task for the plaintiffs with respect to their purchase of the parcels. Moreover, there was no agreement to pay a fee to the defendant attorneys, and no fee was ever paid or demanded.

The record is also devoid of any evidence that Allen Wu took any affirmative actions to assist Wei Cheng Chang with the negotiation or execution of the contracts to purchase the subject parcels. In fact, Allen Wu was not even present in the room when Wei Cheng Chang discussed and reviewed contract terms, and subsequently executed the contracts. Therefore, no attorney-client relationship existed between the plaintiffs and the defendant attorneys. Since no attorney-client relationship existed, the plaintiffs' claim for legal malpractice must be dismissed (*see, Fleissler v Bayroff,* 266 AD2d 34; *Volpe v Canfield, supra; Sucese v Kirsch, supra*).

In light of our determination, the parties' remaining contentions are academic. Altman, J. P., H. Miller, Feuerstein and Cozier, JJ., concur.