■ PAMELA WEADICK et al., Respondents-Appellants, v CAROL ANNE HERLIHY et al., Appellants-Respondents, et al., Defendant. [792 NYS2d 25]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 28, 2004, which, to the extent appealed from, denied defendants' motion for summary judgment with respect to the second and third causes of action and plaintiffs' cross motion for partial summary judgment, unanimously modified, on the law, defendants' motion granted insofar as to dismiss the complaint as against defendant Kellner, Chehebar & Deveney, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

This is a dispute among the individual parties as loft tenants, one of whom (defendant Herlihy) is an attorney, who were seeking to purchase the building they occupy. Herlihy, who was originally a member of the tenants' venture to purchase, opted out at the last moment and made the deal to purchase a half interest in the building for herself alone. Thereafter, plaintiffs,

with a new business ally, purchased the other half interest in the building. Claiming that Herlihy was their fiduciary (having represented them in negotiations with the seller) as well as a coventurer, plaintiffs seek to impose a constructive trust on her interest and compel its conveyance to them. Contrary to defendants' contention, it is immaterial whether plaintiffs imparted any confidences to the attorney coventurer or whether they relied on her as a result of their lesser business sophistication, since these jural fiduciary relationships, unlike informal confidential ones, do not depend on dominance and related factors. While the client's subjective belief as to the existence of an attorney-client relationship is not dispositive (*see Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451 [1993], *lv denied* 82 NY2d 654 [1993]), the history of the parties and their negotiations for purchase of this building, as well as the procedural posture, distinguish the situation here from that in *Fleissler v Bayroff* (266 AD2d 34 [1999]), upon which defendants rely. Termination of the parties' relationship does not insulate a fiduciary from the consequences of conduct engaged in while a fiduciary (*cf. Vigoda v DCA Prods. Plus*, 293 AD2d 265 [2002]). Here, questions exist, including whether the attorney diverted the opportunity to herself and was unjustly enriched as a result.

Facts supporting the imposition of a constructive trust were sufficiently set forth. The motion court aptly recognized the flexibility of the equitable doctrine, and that the creation of interests in real property falls within the purview of "a transfer in reliance" on a promise (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Hira v Bajaj*, 182 AD2d 435 [1992]).

There was no basis for holding the defendant law firm liable in the absence of nonconclusory allegations of misconduct. Accordingly, we modify to dismiss the claims against it. It may not be inferred that the law firm was aware of the other defendants' intentions. A partner's advancement of funds to make the purchase is not, under the circumstances, the type of substantial assistance that subjects a nonprimary actor to liability as an aider and abettor (*see generally National Westminster Bank USA v Weksel*, 124 AD2d 144 [1987], *lv denied* 70 NY2d 604 [1987]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Saxe, J.P., Ellerin, Nardelli and Sweeny, JJ.