■ YETTA TROPP, Appellant, v MICHAEL B. LUMER et al., Defendants, and SAMUEL A. ABADY, Respondent. [806 NYS2d 599]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 27, 2004, which granted that branch of the motion of the defendant Samuel A. Abady which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Samuel A. Abady is denied, and the complaint is reinstated insofar as asserted against that defendant.

The plaintiff commenced the instant action to recover damages for legal malpractice allegedly committed by the defendants in their representation of her in a personal injury action. With regard to the defendant Samuel A. Abady, the plaintiff alleged that in 1996, she requested that Abady represent her in the personal injury action. Abady allegedly "directed" the plaintiff to the defendant Michael B. Lumer, whom Abady described as "one of the attorneys in my office." Abady allegedly stated to the plaintiff that if she retained Lumer, Abady would "keep an eye" on him. According to the plaintiff, Abady "affirmatively accepted the obligation to oversee Lumer's performance," but negligently failed to do so. The plaintiff also asserted that Lumer was "of counsel" to Abady, such that Abady was vicariously liable for his negligence.

The Supreme Court granted that branch of Abady's motion which was for summary judgment dismissing the complaint insofar as asserted against him. We reverse.

Abady made a prima facie showing of entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). In opposition, the plaintiff raised

a triable issue of fact as to whether Abady had an attorney-client relationship with her at the time that the alleged malpractice occurred. "[A]n attorney-client relationship may exist in the absence of a retainer or fee" (*Gardner v Jacon*, 148 AD2d 794,795 [1989]). However, "[a] plaintiff's unilateral belief does not confer upon him [or her] the status of client . . . Rather, to establish an attorney-client relationship there must be an explicit undertaking to perform a specific task" (*Volpe v Canfield*, 237 AD2d 282, 283 [1997] [citation omitted]). "In determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship" (*Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001]; *see McLenithan v McLenithan*, 273 AD2d 757, 758-759 [2000]). The plaintiff presented evidence that Abady ensured her that he would "keep an eye on Lumer and follow the case." Further, the plaintiff averred that she and her husband discussed the status of the case with Abady on a regular basis and that Abady prepared the plaintiff as a witness at a hearing pursuant to General Municipal Law § 50-h relating to the personal injury action.

Moreover, the plaintiff raised a triable issue of fact as to whether the three-year statute of limitations (*see* CPLR 214 [6]) was tolled by the doctrine of continuous representation (*see Shumsky v Eisenstein*, 96 NY2d 164 [2001]; *cf. Rachlin v LaRossa, Mitchell & Ross*, 8 AD3d 461, 462 [2004]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.