**Aura QUINONES, Plaintiff–Appellant,**

v.

**Nancy MAMIS–KING, Defendant,**

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting

**NEIGHBORHOOD YOUTH & FAMILY SERVICES, INC.,**
**Defendant–Appellee.**

No. 02–7845–CV.

United States Court of Appeals,
Second Circuit.

Nov. 23, 2005.

Aura Quinones, St. Albans, New York, for Plaintiff, pro se.

John M. Aerni, LeBoeuf Lamb Greene & MacRae LLP, New York, New York, for Defendant.

PRESENT: KATZMANN, WESLEY, Circuit Judges, and EATON, Judge.*

SUMMARY ORDER

Plaintiff–Appellant Aura Quinones ("Quinones"), *pro se*, appeals from (1) the judgment of the district court, granting summary judgment in favor of Neighborhood Youth & Family Services, Inc., and dismissing her second amended complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as state and city law; and (2) the order of the district court denying her motion for reconsideration under Rule 6.3

by designation.

of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

We review *de novo* a district court's grant of summary judgment. *See June v. Town of Westfield,* 370 F.3d 255, 257 (2d Cir.2004). Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* We review for abuse of discretion a district court's denial of a motion for reconsideration. *See RJE Corp. v. Northville Indus. Corp.,* 329 F.3d 310, 316 (2d Cir.2003).

We have carefully considered Quinones's arguments on appeal and conclude that they are without merit. We affirm the judgment of the district court substantially for the reasons set forth by Magistrate Judge Douglas F. Eaton in his Report and Recommendation dated April 30, 2001, as adopted by the district court in its Memorandum and Order dated September 26, 2001, and by the district court in its Order dated June 17, 2002, with the following modification. We modify the judgment to reflect a dismissal of Quinones's pendent state and city law claims to be without prejudice. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Needless decisions of state law should be avoid-

ed both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED as modified, and the pending motion for default judgment and cross-motion to dismiss are DENIED as moot.