■ WILLIAM G. CARLOS, Appellant, v LOVETT & GOULD et al., Respondents. [815 NYS2d 695]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated November 3, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In September 1996 the plaintiff, then the Chief of Police of the Town of Putnam Valley Police Department (hereinafter the police department), retained the defendants to prosecute a federal civil rights action against the Town of Putnam on his behalf with respect to the Town's planned abolition of the police department. The first federal action the defendants filed on the plaintiff's behalf was dismissed on the merits in 1998 and, after the Town abolished the police department and effectively cancelled the plaintiff's employment agreement, the defendants filed a second federal action on the plaintiff's behalf, asserting a 42 USC § 1983 cause of action and a state law breach of contract cause of action. On September 13, 1999, the United States District Court for the Southern District of New York dismissed the federal claim with prejudice and dismissed the state claim without prejudice. Accordingly, the plaintiff had a six-month period, or until March 13, 2000, to commence a breach of contract action against the Town in state court (see CPLR 205 [a]).

In October 1999 the defendants sent the plaintiff a new retainer agreement for their representation of him in a state court breach of contract action against the Town. It is undisputed that the plaintiff did not execute and return that retainer agreement until July 2000, several months after the statute of limitations had expired. The plaintiff thereafter commenced the instant action against the defendants, seeking to recover damages for their alleged legal malpractice in failing to commence a timely breach of contract action in state court on his behalf.

Under the circumstances, the defendants established their

entitlement to judgment as a matter of law because no attorney-client relationship existed between them and the plaintiff with respect to a state court breach of contract action against the Town until July 2000, after the relevant statute of limitations had expired (*see* CPLR 205 [a]; *Tropp v Lumer,* 23 AD3d 550 [2005]; *Wei Cheng Chang v Pi,* 288 AD2d 378 [2001]; *Volpe v Canfield,* 237 AD2d 282 [1997]; *DeFalco v Cutaia,* 236 AD2d 358 [1997]). In opposition, the plaintiff expressed only his unilateral belief that he and the defendants had an attorney-client relationship with respect to a state court breach of contract action prior to the expiration of the statute of limitations, which is insufficient to raise a triable issue of fact (*see Tropp v Lumer, supra; Wei Cheng Chang v Pi, supra; Volpe v Canfield, supra*).

Moreover, the defendants established that the plaintiff's underlying breach of contract action would not have succeeded (*see Iannarone v Gramer,* 256 AD2d 443 [1998]), as the plaintiff's employment agreement with the Town allowed the Town to remove him in accordance with state law, and the federal courts had determined that the Town's removal of the plaintiff as its Chief of Police was achieved legally and for legitimate reasons (*see Carlos v Santos,* 123 F3d 61 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.