■ Joseph W. Shanley, Appellant, v Michael S. Welch, Respondent. [818 NYS2d 878]—

Appeal from an order of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered March 11, 2005. The order, among other things, granted that part of defendant's cross motion seeking summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in its entirety and reinstating the amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for legal malpractice arising from defendant's alleged representation of plaintiff in connection with the drafting, preparation and execution of a "separation/opting out agreement" (separation agreement) between plaintiff and his wife, defendant's sister. Subsequent to the execution of the separation agreement by plaintiff and his wife, the separation agreement was vacated on the ground that it was not " 'acknowledged . . . in the manner required to entitle a deed to be recorded' " (*Matisoff v Dobi*, 90 NY2d 127, 130 [1997], quoting Domestic Relations Law § 236 [B] [3]). According to plaintiff, he sustained damages as a result of the vacatur of the separation agreement because his pension and deferred compensation plans had been

awarded to him in the separation agreement but were subject to a claim by his wife in the pending divorce action.

We agree with plaintiff that Supreme Court erred in granting that part of defendant's cross motion seeking summary judgment dismissing the amended complaint. A requisite element of a cause of action for legal malpractice is the existence of an attorney-client relationship (*see Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001], *lv denied* 99 NY2d 501 [2002]; *see also Fleissler v Bayroff*, 266 AD2d 34 [1999]), and defendant contended in support of that part of his cross motion that there was no attorney-client relationship. In determining whether such a relationship exists, "a court must look to the actions of the parties" (*Wei Cheng Chang*, 288 AD2d at 380; *see McLenithan v McLenithan*, 273 AD2d 757, 758-759 [2000]). An attorney-client relationship is established where there is "an explicit undertaking to perform a specific task" (*Wei Cheng Chang*, 288 AD2d at 380; *see Volpe v Canfield*, 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]). Here, it is uncontroverted that defendant played no role in the negotiation of the separation agreement and that defendant gave plaintiff no legal advice with respect to the contents of the separation agreement. Indeed, the separation agreement sets forth that plaintiff had been advised to engage counsel and had decided to proceed without representation. Nevertheless, we conclude that the actions of the parties appear to establish an attorney-client relationship with respect to the drafting, preparation and execution of the separation agreement, and we thus conclude that there is an issue of fact concerning the existence of an attorney-client relationship and, if an attorney-client relationship is found to exist, the extent of that relationship (*see McLenithan*, 273 AD2d at 758-760; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Kehoe and Gorski, JJ.