■ GEORGE EAGAN GINTHER, Individually and as Trustee, Appellant, v DENIS A. SCINTA, ESQ., et al., Respondents. [818 NYS2d 376]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 28, 2005. The order granted defendants' motion seeking summary judgment dismissing the complaint and denied plaintiff's cross motion to compel discovery.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the claim for overbilling and as modified the order is affirmed without costs.

Memorandum: Plaintiff retained defendants to represent him in matters relating to a matrimonial action, and he thereafter commenced this action to recover damages for defendants' alleged legal malpractice, breach of contract and breach of fiduciary duty. We agree with plaintiff that Supreme Court erred in granting that part of defendants' motion seeking summary judgment dismissing the claim for overbilling on the ground that the parties' retainer agreement required that such claim was a matter for arbitration. The terms of the retainer agreement permit but do not require plaintiff to seek arbitration of fee disputes. We therefore modify the order accordingly.

We further conclude, however, that the court properly granted those parts of defendants' motion seeking summary judgment dismissing the remainder of the complaint. Defendants established as a matter of law that they had no attorney-client relationship with plaintiff as trustee of four trusts established for the benefit of his children or with the trusts themselves (see generally Chinello v Nixon, Hargrave, Devans & Doyle, LLP, 15 AD3d 894, 895 [2005]; Wei Cheng Chang v Pi, 288 AD2d 378, 380 [2001], lv denied 99 NY2d 501 [2002]). Thus, defendants are not liable for the alleged legal malpractice, breach of contract and breach of fiduciary duty concerning those trusts (see generally Wei Cheng Chang, 288 AD2d at 381). Even assuming, arguendo, that defendants owed plaintiff a duty in connection with the trusts, we conclude that defendants established that they did not breach any such duty or cause plaintiff to sustain any damages in connection therewith (see generally Tabner v Drake, 9 AD3d 606, 609 [2004]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.