■ MATTHEW OVERGARD et al., Respondents, v KEVIN HOBBS, Defendant, and BIRBROWER, MONTALBANO, CONDON & FRANK, P.C., Now Known as MONTALBANO, CONDON & FRANK, P.C., Appellant. [836 NYS2d 886]—In an action to recover damages for legal malpractice, the defendant Birbrower, Montalbano, Condon & Frank, P.C., now known as Montalbano, Condon & Frank, P.C., appeals from an order of the Supreme Court, Rockland County (Liebowitz, J.), dated November 21, 2006, which denied

its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Birbrower, Montalbano, Condon & Frank, P.C., now known as Montalbano, Condon & Frank, P.C. (hereinafter BMC & F) established its entitlement to judgment as a matter of law that no attorney-client relationship existed between it and the plaintiffs with regard to the plaintiffs' brother's estate (*see Carlos v Lovett & Gould*, 29 AD3d 847 [2006]; *Volpe v Canfield*, 237 AD2d 282 [1997]; *DeFalco v Cutaia*, 236 AD2d 358 [1997]; *McGlynn v Gurda*, 184 AD2d 980 [1992]).

In response, however, the plaintiffs raised triable issues of fact as to whether the defendant Kevin Hobbs was, or appeared to be, a member of BMC & F when he advised the plaintiffs in that matter (*see Tropp v Lumer*, 23 AD3d 550, 551 [2005]; *John Grace & Co. v Tunstead, Schechter & Torre*, 186 AD2d 15 [1992]; *Gardner v Jacon*, 148 AD2d 794 [1989]). Summary judgment was therefore properly denied.

The remaining contentions of BMC & F are without merit. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.