■ PAMELA WEADICK et al., Appellants, v CAROL ANNE HERLIHY, Respondent. [848 NYS2d 623]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 4, 2007, which, upon defendant's motion to renew, granted summary judgment dismissing the second and third causes of action and awarded defendant costs and sanctions in an amount to be determined at a hearing, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 9, 2007, which, upon defendant's motion to reargue the renewal motion, included fees within the scope of the Referee's hearing, unanimously dismissed as abandoned, without costs.

Defendant's renewed motion for summary judgment was timely brought after prompt additional discovery was conducted. Legally recorded telephone tapes from plaintiff Tullock's employer, a brokerage house, indicated that the proposed co-venture between plaintiffs and defendant, an attorney, to purchase a half interest in the building in which they all resided was at an impasse as to the venture's acceptable terms, and that plaintiffs had begun to actively investigate other avenues, including other investors, to make the purchase. The newly discovered tapes tended to refute Tullock's categorical denial of any discussion he might have had with the seller regarding an independent purchase arrangement prior to the date defendant expressly terminated the venture, which had been a substantial

basis for the prior denial of summary judgment (16 AD3d 223 [2005], *lv denied* 5 NY3d 707 [2005]). Defendant, who had conducted negotiations on behalf of the co-venture with the seller's attorney, as well as participated in the drafting of the proposed contract of sale, uncovered further information from depositions and plaintiff Weadick's participation in an unrelated loft proceeding, which contradicted plaintiffs' assertions that they had not been fully informed of the venture's contract negotiations, and which demonstrated that defendant had not, as previously argued, ordered a title report of the subject property solely in her own name prior to the date she terminated her relationship with the co-venture. Given that defendant had been denied summary judgment for dismissal of the second (breach of fiduciary duty) and third (constructive trust) causes on the original motion due to issues of fact based on plaintiffs' misrepresentations and misleading information, her renewal motion was properly entertained (*see Cohoes Realty Assoc. v Lexington Ins. Co.*, 292 AD2d 51 [2002]). Contrary to plaintiffs' argument, the new evidence obtained through additional discovery was material to plaintiffs' claim that defendant had wrongfully diverted a business opportunity to herself when she purchased the property interest within two weeks' time after she terminated the venture. The new evidence demonstrated that defendant had upheld her fiduciary duty to keep plaintiffs apprised of the venture's contract developments, did not undertake to divert the opportunity to herself prior to termination, and did not abandon plaintiffs until she learned they were looking to other sources to effectuate the purchase on their own or in conjunction with other investors. There was no evidence that defendant, during the attempted negotiation of the purchase on behalf of the co-venture, had engaged in dishonesty or otherwise breached her fiduciary obligations to plaintiffs (*see Matter of Gupta*, 38 AD3d 445 [2007]). The venture failed to materialize because of mutual disagreement over its terms, and as such, no opportunity could be diverted from it. Moreover, defendant openly terminated the agreement and advised that the parties could separately pursue a purchase of the property interest. No evidence was offered to show that defendant had secured financing to enable her to separately purchase the contested property interest before she terminated the venture. The motion court heard the parties on oral argument and found that plaintiffs had the cash to bid for the subject property interest, but that plaintiffs apparently elected to purchase the other portion of the building from a separate owner shortly thereafter.

Defendant's detailed motion request for costs and sanctions provided plaintiffs with ample notice of defendant's claim for

such relief. Plaintiffs had a reasonable opportunity to be heard on the sanctions issue. The decision of the court upon which sanctions were based sufficiently set forth the reasons for the imposition of sanctions. Concur—Lippman, P.J., Marlow, Williams and Gonzalez, JJ.