■ Robert W. Bloom, Jr., et al., Appellants, v Rene F. Hensel, Esq., Defendant, and Thomas D. Calandra, Esq., Respondent. [872 NYS2d 776]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 6, 2007 in a legal malpractice action. The order granted the motion of defendant Thomas D. Calandra, Esq. for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is denied and the complaint against defendant Thomas D. Calandra, Esq. is reinstated.

Memorandum: Plaintiffs commenced this legal malpractice action seeking damages allegedly arising from defendants' representation of them in a personal injury action. We conclude that Supreme Court erred in granting the motion of defendant Thomas D. Calandra, Esq. seeking summary judgment dismissing the complaint against him. We agree with Calandra that he met his initial burden on the motion by submitting evidence that he did not have an attorney-client relationship with plaintiffs, i.e., that he had no involvement in the personal injury action and he had no fee-sharing agreement with defendant Rene F. Hensel, Esq. with respect to that action (*see Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C.*, 45 AD3d 1453 [2007]; *Volpe v Canfield*, 237 AD2d 282, 283 [1997], *lv denied* 90 NY2d 802 [1997]). In opposition to the motion, however, plaintiffs raised a triable issue of fact whether they had an attorney-client relationship with Calandra at the time of the alleged malpractice (*see Tropp v Lumer*, 23 AD3d 550 [2005]; *cf. Jane St. Co. v Rosenberg & Estis*, 192 AD2d 451 [1993], *lv denied* 82 NY2d 654 [1993]).

"[A]n attorney-client relationship may exist in the absence of a retainer or fee" (*Gardner v Jacon*, 148 AD2d 794, 795 [1989])

and, "[i]n determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship" (*Wei Cheng Chang v Pi*, 288 AD2d 378, 380 [2001], *lv denied* 99 NY2d 501 [2002]; *see McLenithan v McLenithan*, 273 AD2d 757, 758-759 [2000]). The unilateral beliefs of plaintiffs, without more, do not render them Calandra's clients (*see e.g. Volpe*, 237 AD2d at 283; *Jane St. Co.*, 192 AD2d 451 [1993]). Here, plaintiffs submitted evidence that Calandra referred the personal injury action to Hensel and that plaintiffs met with Hensel in Calandra's office for the initial meeting and on another occasion as well. Plaintiffs also submitted evidence that Calandra's staff arranged for the initial meeting, that both defendants met with plaintiffs during that meeting, and that, at the conclusion of the meeting, Hensel stated that "they would call [Robert W. Bloom, Jr. (plaintiff)] . . . if they were going to take the case." In addition, plaintiffs submitted the affidavit of Hensel in which he stated that he had previously engaged in fee-sharing arrangements in several cases referred to him by Calandra and that there was an oral agreement to split the fee with respect to the instant personal injury action. Hensel also stated that Calandra inquired with respect to the progress of the underlying action several times, and plaintiff testified at his deposition that Hensel informed him of that fact. Several of the pleadings or proposed pleadings in the personal injury action list both defendants as plaintiffs' attorneys, and plaintiffs also submitted evidence establishing that Hensel sent Calandra copies of certain of his correspondence with plaintiffs. Viewed as a whole, we conclude that the evidence submitted in opposition to the motion raises a triable issue of fact whether there was an attorney-client relationship between plaintiffs and Calandra (*see Tropp*, 23 AD3d 550 [2005]; *cf. Jane St. Co.*, 192 AD2d 451 [1993]).

All concur except Peradotto, J., who dissents and votes to affirm in the following memorandum.

Peradotto, J. (dissenting). I respectfully dissent. In my view, Supreme Court properly granted the motion of defendant Thomas D. Calandra, Esq. seeking summary judgment dismissing the complaint against him. The facts on which the majority relies in concluding that a triable issue of fact exists with respect to the existence of an attorney-client relationship between plaintiffs and Calandra may support, at best, an inference that plaintiffs reasonably believed that they were being represented by Calandra. As the majority recognizes, however, an attorney-client relationship cannot be created solely by the unilateral belief of a plaintiff (*see Wei Cheng Chang v Pi*, 288 AD2d 378,

380 [2001], *lv denied* 99 NY2d 501 [2002]). Moreover, there is no evidence in the record that Calandra explicitly undertook the performance of any specific task for plaintiffs (*see id.*; *cf. Tropp v Lumer*, 23 AD3d 550, 551 [2005]). Absent such an undertaking, the inconsistent appearance of Calandra's name on draft pleadings in the underlying personal injury action is insufficient to raise a triable issue of fact, particularly because the only attorney signature to appear on any pleading was that of defendant Rene F. Hensel, Esq. (*see generally Wei Cheng Chang*, 288 AD2d at 380-381). Further, Hensel admitted at his deposition that the draft pleadings were his own work product, and he also stated in his opposition to Calandra's motion that Calandra had done nothing further to facilitate the prosecution of the personal injury action after referring the case to Hensel. Although Calandra was apparently copied on letters from Hensel to plaintiffs concerning a separate workers' compensation claim, there is no evidence in the record that Calandra ever received those letters, and Robert W. Bloom, Jr. (plaintiff) admitted at his deposition that he never discussed those letters with Calandra. Significantly, Calandra was not copied on any correspondence between Hensel and plaintiffs concerning the personal injury action. Plaintiff also admitted at his deposition that he did not have a written retainer agreement with Calandra and that he had no further personal contact with Calandra after the initial meeting at Calandra's office.

Even assuming, arguendo, that Calandra could have assumed vicarious liability for Hensel's alleged negligence with respect to the personal injury action by an informal, oral fee-sharing agreement (*see generally Ford v Albany Med. Ctr.*, 283 AD2d 843, 845-846 [2001], *lv dismissed* 96 NY2d 937 [2001], *rearg denied* 97 NY2d 654 [2001]), I conclude that the record does not support an inference that such an agreement existed. Hensel testified at his deposition that, although he had split fees and expenses with Calandra in the past, he did not share the fee in every case referred to him by Calandra, and he could not recall discussing a fee-sharing arrangement with Calandra concerning plaintiffs' personal injury action. I therefore would affirm the order. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.