■ AURA QUINONES, Appellant, v NEIGHBORHOOD YOUTH AND FAMILY SERVICES, INC., et al., Respondents. [896 NYS2d 908]—

In an action, inter alia, to recover damages for employment discrimination on the basis of race and sex, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 21, 2008, as denied that branch of her motion which was pursuant to CPLR 306-b for an extension of time to serve the defendants with the summons and complaint, denied, as academic, her separate motion for leave to enter a default judgment against the defendants upon their failure to appear or answer, and granted those branches of the defendants' cross motion which were to dismiss the complaint as barred by the statute of limitations and to prohibit the plaintiff from filing additional motions or claims related to this action without leave of court.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the complaint as barred by the statute of limitations. Following the dismissal, without prejudice, of the plaintiff's pendent state law claims in federal court (*see Quinones v Mamis-King*, 155 Fed Appx 547 [2005]), the plaintiff failed to commence this action and serve the defendants within the six-month time period of CPLR 205 (a) (*see Pi Ju Tang v St. Francis Hosp.*, 37 AD3d 690, 691 [2007]; *see also Carlos v Lovett & Gould*, 29 AD3d 847, 848-849 [2006]). Consequently, the plaintiff's action was time-barred.

Since the action was time-barred, this Court has no authority to extend the plaintiff's time to serve the summons and complaint on the defendants (*see* CPLR 201; *Henriquez v Inserra Supermarkets, Inc.*, 68 AD3d 927 [2009]).

Given the plaintiff's past litigation history, the Supreme Court properly prohibited her from filing additional motions or claims

related to this action without leave of court (*see Matter of Robert v O'Meara*, 28 AD3d 567, 568 [2006]; *Braten v Finkelstein*, 235 AD2d 513, 514 [1997]).

The plaintiff's remaining contentions either have been rendered academic in light of our determination or are without merit. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31795(U).]**