■ WIN HAY LLC, Respondent, v ANDREW CHIN, Defendant, and ANDY H. CHOI, Appellant. [920 NYS2d 340]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 29, 2009, which, in an action alleging, inter alia, legal malpractice, denied defendant Choi's motion to dismiss the complaint as against him, unanimously reversed, on the law, without costs and the motion granted. The Clerk is directed to enter judgment accordingly.

The documentary evidence refuted plaintiff's allegations that plaintiff retained Choi to represent it in connection with its application for a tax exemption for certain real property (*see* CPLR 3211 [a] [1]). Although plaintiff purportedly paid a portion of a retainer fee to Choi, the record shows that the entire amount of the retainer was forwarded to defendant Chin, who admittedly represented plaintiff in connection with the application and who plaintiff had met with prior to issuing the subject payment (*see Wei Cheng Chang v Pi*, 288 AD2d 378 [2001], *lv denied* 99 NY2d 501 [2002]).

The record further demonstrates that, other than forwarding the retainer payment to defendant Chin, Choi was not involved in submitting the application, and had no knowledge as to whether Chin had filed the application and the necessary documents on plaintiff's behalf. The record establishes that there was no attorney-client relationship between plaintiff and Choi and accordingly, the complaint is dismissed as against him (*see Wei Cheng Chang*, 288 AD2d at 381; *D'Amico v First Union Natl. Bank*, 285 AD2d 166, 172 [2001], *lv denied* 99 NY2d 501 [2002]).

In any event, plaintiff's claim is barred by the statute of limitations. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.