Volpe v Munoz & Assoc., LLC (2021 NY Slip Op 00516)





Volpe v Munoz & Assoc., LLC


2021 NY Slip Op 00516


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 155110/19 Appeal No. 12975 Case No. 2020-00083 

[*1]Ray Volpe, Individually and Derivatively on Behalf of Ray-Joe Consulting, LLC, Plaintiff-Appellant,
v
Munoz and Associates, LLC, et al., Defendants-Respondents, Ray-Joe Consulting, LLC, Nominal Defendant.


Jaspan Schlesinger LLP, Garden City (Rachel A. Morgenstern and Daniel E. Shapiro of counsel), for appellant.
Winget Spadafora & Schwartzberg, LLP, New York (Anthony D. Green of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 6, 2019, which granted defendants Munoz and Associates, LLC and Kenneth Munoz's (the attorneys) motion to dismiss the complaint as against them, unanimously affirmed, with costs.
The complaint fails to state a cause of action for legal malpractice. First, it does not allege an attorney-client relationship between the attorneys and plaintiff. Although there was no written retainer agreement, the parties' conduct makes clear that the attorneys performed services solely for the LLC that was formed by plaintiff and defendant Joseph Cohen (see Wei Cheng Chang v Pi, 288 AD2d 378 [2d Dept 2001], lv denied 99 NY2d 501 [2001]).
The complaint also fails to state a derivative malpractice claim because it does not allege that an attorney-client relationship existed between the attorneys and the LLC at the relevant time. Under the terms of the LLC's operating agreement, the LLC dissolved upon the expiration of its consulting agreement with nonparty Brielle, Inc., on April 30, 2018. Thus, there was no client to which the attorneys could owe a duty in October 2018, when they represented Cohen and his new business entity.
Second, plaintiffs' allegations of legal malpractice consist solely of claimed violations of the Rules of Professional Conduct, which do not alone support a malpractice claim (Shapiro v McNeill, 92 NY2d 91, 97 [1998]).
Third, whether plaintiff would have obtained further business from Brielle was entirely within Brielle's discretion, thus any causational link between the alleged malpractice and plaintiff's alleged loss is wholly speculative (see Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848 [2d Dept 2012], lv denied 20 NY3d 857 [2013]).
The complaint also fails to state a cause of action for aiding and abetting breach of fiduciary duty, because plaintiffs fail to allege that the attorneys did anything more
than prepare legal agreements for Cohen (Art Capital Group, LLC v Neuhaus, 70 AD3d 605 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021