Acevedo v Atlantis Operating, LLC (2024 NY Slip Op 50218(U))

[*1]

Acevedo v Atlantis Operating, LLC

2024 NY Slip Op 50218(U)

Decided on March 1, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2024
Supreme Court, Kings County

Julie Acevedo, as Proposed Administratrix of 
 the Estate of Jose Acevedo, Deceased, Plaintiff,

against
Atlantis Operating, LLC D/B/A The Phoenix Rehabilitation and Nursing Center, Defendant.

Index No. 525260/2024

Aaron D. Maslow, J.

The following numbered papers were read on this motion:
NYSCEF Document Numbers 10-18.
Upon the foregoing papers, having heard oral argument,[FN1]
and due deliberation having been had thereon,
It is hereby ORDERED as follows:
The motion by Atlantis Operating LLC ("Defendant") to dismiss the complaint of Julie Acevedo as proposed administratrix of the estate of Jose Acevedo pursuant to CPLR §3211 (a) (3) is GRANTED.
During the time period of Dec. 19, 2021-Feb 7, 2021 (other documents note his stay from Dec. 9-Feb. 4 of 2021), Jose Acevedo was an inpatient resident of The Phoenix Rehabilitation and Nursing Center. This facility was supervised, maintained, and operated by Atlantic Operating, LLC during the relevant time period. During the decedent's admission to the facility, he contracted SARS-CoV-2 and COVID-19, which led to his passing on Feb. 14, 2021. Plaintiff commenced an action for wrongful death and personal injury as Defendants did not provide proper infection prevention and control procedures. (See NYSCEF Doc No. 12, ¶¶ 89, 127.)
Defendant argues that the complaint must be dismissed as Plaintiff Julie Acevedo does not have the legal capacity to sue (see CPLR 3211 [a] [3]). Defendant contends that Julie Acevedo is not a qualified estate representative (as she is a proposed administratrix) and, [*2]therefore, cannot sue for wrongful death or maintain a personal injury action (see Carrick v Central General Hosp., 51 NY2d 242, [1980]). As such, Julie Acevedo lacks standing to pursue this action, since she commenced the lawsuit before receiving Letters of Administration (see Brandon v Colombian Mut. Life Ins. Co., 694 AD2d 436 [2d Dept 1999]). (See NYSCEF Doc No. 18.)
Additionally, Defendant argues as a matter of procedure, that the complaint should be dismissed since Julie Acevedo is not asking for affirmative relief in a cross motion or a motion (see Komanicky v Contractor, 43 NY3d 761 [3d Dept 2017]). Rather, Julie Acevedo is requesting relief in opposition papers, which is not permissible according to CPLR 2214 and 2215. The relief Julie Acevedo seeks is to halt this proceeding until her appointment, which should be denied since grounds for such relief are not stated either (see Quinones v Neighborhood Youth & Family Servs, Inc, 71 AD3d 1106 [2d Dept 2010]). Defendant also notes that they do not oppose the applicability of CPLR 205(a). (See NYSCEF Doc No. 18.)
In opposition papers, Plaintiff states that any defect regarding her status as a "proposed administratrix" can be remedied by obtaining Letters of Administration within the six-month stating period under CPLR 205 (a) (see Snodgrass v Professional Radiology, 855 NY2d 243 [2d Dept 2008]). Plaintiff asserts that the Defendant was timely served with the summons and complaint (Nov. 6, 2023), and CPLR 205 (a) gives Plaintiffs six months to obtain Letters of Administration. There is little to suggest that it will take the full six months to obtain the letters either. (See NYSCEF Doc No. 15.)
Defendant's motion to dismiss Plaintiff's complaint should be granted. In the papers submitted by Plaintiff, it is unclear as to the date on which Plaintiff filed with Surrogate's Court. Plaintiff fails to provide a date, an index number, or any information as to her Surrogate's Court proceeding. Additionally, as of oral argument (which Plaintiff did not attend), Plaintiff does not have capacity to sue as she is not the estate's administratrix. However, lack of capacity to sue is not a dismissal upon the merits (see Robles v Brooklyn Queens Nursing Home, Inc, 131 AD3d 1032 [2d Dept 2015]). Moreover, Plaintiff's decision to request affirmative relief in opposition papers, rather than through a separate motion or cross-motion is not fatal to her claim. "Although "a party seeking relief in connection with another party's motion is, as a general rule, required to do so by way of a cross motion," courts "retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215" (see Smulczeki v Smulczeki, 128 AD3d 671 [2d Dept 2015]; Fried v Jacob Holding Inc, 110 AD3d 56 [2d Dept 2013]).
Accordingly, Defendant's motion is granted with leave to Plaintiff to recommence properly pursuant to CPLR 205 (a).
Dated: March 1, 2024
Hon. Aaron D. Maslow

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).